# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-539
## consolidated with 11-540


**TIFFANY N. SANDERS**

**VERSUS**

**ALEXANDRIA CIVIL SERVICE COMMISSION, ET AL.**


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 240,490
HONORABLE GEORGE C. METOYER JR., DISTRICT JUDGE

**********

## PHYLLIS M. KEATY
## JUDGE

**********

Court composed of Sylvia R. Cooks, James T. Genovese, and Phyllis M. Keaty, Judges.


**REVERSED AND REMANDED.**

**Malcolm X. Larvadain**
**Attorney at Law**
**626 Eighth Street**
**Alexandria, Louisiana  71301**
**(318) 445-3533**
**Counsel for Plaintiff/Appellee:**
   **Tiffany N. Sanders**

**Steven M. Oxenhandler**
**Samuel N. Poole, Jr.**
**Joseph H. L. Perez-Montes**
**Michael J. O'Shee**
**Gold, Weems, Bruser, Sues & Rundell**
**Post Office Box 6118**
**Alexandria, Louisiana  71307-6118**
**(318) 445-6471**
**Counsel for Intevenors/Appellants:**
        **City of Alexandria**
        **Jacques M. Roy, Mayor**

**Winston G. DeCuir**
**Decuir, Clark & Adams**
**732 North Boulevard**
**Baton Rouge, Louisiana  70802**
**(225) 346-8716**
**Counsel for Defendants/Appellants:**
        **Dr. Ronald Mason  Jr.**
        **Southern University A & M System**

**Thomas D. Davenport, Jr.**
**The Davenport Firm**
**1628 Metro Drive**
**Alexandria, Louisiana  71301**
**(318) 445-9696**
**Counsel for Defendant/Appellee:**
        **Alexandria Civil Service Commission**

**KEATY, Judge.**

The two lawsuits underlying this consolidated appeal concern the appointment of Tiffany N. Sanders (Sanders) to the Alexandria Civil Service Commission (the Commission). This appeal concerns two judgments of dismissal rendered on February 4, 2011, and February 14, 2011, in one of those lawsuits.

## FACTS AND PROCEDURAL HISTORY

On December 2, 2010, the City of Alexandria (the City) and its Mayor, Jacques Roy (the Mayor), filed suit in the Ninth Judicial District Court (JDC), Parish of Rapides, seeking a temporary restraining order (TRO) against Roosevelt Johnson, President of the Alexandria City Council (the Council), seeking to prevent the Council from accepting and confirming Sanders as a member of the Commission. The case was randomly allotted to Division F; however, the TRO was granted by a duty judge, and a preliminary injunction hearing was set for January 7, 2011.

On December 29, 2010, Sanders filed a mandamus action in the JDC seeking to require the Commission to swear her in as a commissioner. The case was randomly allotted to Division C. Counsel for the parties in the mandamus action presented the Division F judge with an Unopposed Motion and Order to Consolidate the two actions. The consolidation order was signed on December 29, 2010. Neither Sanders nor the Commission requested service of the order on the Mayor or the City. On December 30, 2010, the Mayor and the City filed a motion for voluntary dismissal of the injunction proceeding. The following day, the Mayor and the City filed, by facsimile, a Petition of Intervention, seeking to intervene into the mandamus action.[1]

---

[1]The original Petition of Intervention was filed on January 3, 2011.

On January 4, 2011, the Mayor and the City filed a motion to set aside and vacate the order of consolidation and to grant their earlier-filed motion for voluntary dismissal. According to the court minutes, a hearing on the motions took place before the Division F judge on January 5, 2011. The Division F judge denied both motions, granted the motion to consolidate, and continued the matter until January 14, 2011, at which time it would entertain "any issue" brought before it "involving this particular matter." The Mayor and the City then orally sought permission to seek writs to this court, which was granted; however, their request to have all matters stayed was denied. In *City of Alexandria v. Johnson*, an unpublished writ bearing docket number 11-23 (La.App. 3 Cir. 1/12/11), the stay was denied; the writ was granted in part and made peremptory and denied in part. After finding that the trial court erred in denying the motion for voluntary dismissal once the Mayor and the City agreed in open court to dismiss their action with prejudice, we entered judgment dismissing the action filed by the City and the Mayor against the President of the Council. We then stated: "Having granted the motion for voluntary dismissal, we find that the trial court's ruling consolidating these actions has been rendered moot," and we remanded the matter for further proceedings in accordance with our ruling.

The matter came for hearing in front of the Division F judge on January 14, 2011. Thereafter, the trial court, on its own motion, issued oral reasons dismissing Sanders' writ of mandamus with prejudice; dismissing the intervention filed by the Mayor and the City with prejudice; and, ordering all parties to start anew to fill the vacancy of the Commission.[2] Written judgment decreeing the foregoing was signed on February 7, 2011. In a separate judgment signed on February 14, 2011,

---

[2]The trial court also made rulings pertaining to a petition of intervention that had been filed by Southern University A & M System, but those rulings are not relevant to this appeal.

the trial court, on its own motion and for the reasons orally assigned on January 14, 2011, decreed that all claims of Sanders and of the intervenors; the Mayor, the City, and Southern University A & M System; were dismissed with prejudice.

The Mayor and the City now appeal, asserting that the trial court erred: in dismissing their petition of intervention on its own motion; in rendering orders and decrees beyond any relief sought by the parties; and in asserting jurisdiction over and issuing rulings in a case not assigned to it and in "which case the court's Consolidation Order had been rendered moot by a specific Writ Application Ruling of this Court."

## DISCUSSION

Louisiana Code of Civil Procedure Article 1671 provides, in pertinent part, that "[a] judgment dismissing an action . . . shall be rendered **upon application of the plaintiff** and upon his payment of all costs." (Emphasis added.)

In *Spencer v. Children's Hospital*, 432 So.2d 823 (La.1983), during the third week of a jury trial, the plaintiff did not appear on a Friday to finish testifying in support of her case, and court was recessed until Monday. On Monday morning, the plaintiff's attorney informed the trial court that the plaintiff had been hospitalized after unsuccessfully attempting to commit suicide. Nevertheless, the trial court determined that the plaintiff had "'deliberately taken steps to prevent her[self] from testifying,'" and, on its own motion, dismissed the plaintiff's suit with prejudice. *Id.* at 824. The court of appeal affirmed and certiorari was granted. *Spencer v. Children's Hosp.*, 419 So.2d 1307 (La.App. 4 Cir.), *writ granted*, 423 So.2d 1178 (La.1982). The Louisiana Supreme Court reversed and remanded the case for a new trial, declaring that "the trial judge has no power to dismiss a case on his own motion." *Spencer*, 432 So.2d at 824.

According to the transcript of the January 14, 2011 hearing, the Division F judge declared that he wished to "see all counsel in the back." A recess was then held from 9:40 a.m. to 10:11 a.m. Thereafter, the trial court stated, "[a]fter having heard all of the arguments of counsel and having extensive pretrials, the court on its own motion is going to dismiss all actions and we will start the process over again."

The trial court had no authority to dismiss, on its own motion, the actions pending before it. *See Spencer*, 432 So.2d 823 and La.Code Civ.P. art. 1671. Accordingly, we reverse the judgments rendered on February 4, 2011, and February 14, 2011. Because of our decision to reverse the judgments being appealed for the reasons asserted by the Mayor and the City in their first assignment of error, we need not address their remaining assignments of error.

## DECREE

For the foregoing reasons, we reverse the judgments rendered on February 4, 2011, and February 14, 2011, and we remand these matters to the trial court for further proceedings consistent with this opinion. All costs are to be shared equally by the parties to this appeal.

**REVERSED AND REMANDED.**